Final case for argument this morning is 15-7093, Custer v. McDonald. I'll give you time to get settled here. Good morning, Mr. Kinman. Yes, ma'am. May it please the court, my name is Maxwell Kinman. I'm representing David Custer. I'd like to reserve five minutes for rebuttal. Okay. Thank you. Your Honors, Mr. Custer filed his claim for service-connected disabilities in 2008. After that filing, he was provided two hearings, one before decision review officer, one before member of the board. At no point prior to 2012 was he offered a decision saying that he was not credible in his statements. So your view is here the board said something that was ambiguous because there seemed to be a clash between a couple of their comments. The Court of Veterans Claims recognized that and sent it back for clarification. You had a notice. You had an opportunity to respond. And you view that as a due process violation? I would strongly assert, Your Honors, that there was no ambiguity of what the board said. The board's comments in its 2012 decision clearly found that Mr. Custer was credible. The statement is plain English. This is the record of 1-128. The board acknowledges the veteran's lay statements that his back disability can be attributed to his in-service duties and his noted in-service back spasms. The board observes in this regard, while the veteran is credible, he's not competent to discuss medical issues. Okay, and then it went on to say that, a couple other sentences, this persuasively suggests that the veteran did not experience chronic back pain continuously since his service separation. But that statement deals with his competency to describe medical issues. What the board is doing here is they're saying that this is a veteran. He's credible to make these statements. He's credible to report these conditions, but he's not a doctor, so he can't competently identify whether or not the back condition was related to service. And we have jurisdiction to kind of review and second-guess. The Court of Veterans Claims thought there was an inconsistency or an ambiguity in these statements, and we mandated it back home. Where is our jurisdiction to review that? The jurisdiction is here because this is a purely due process violation. When the board tells the veteran, you are credible. You are credible to report your symptoms. And then later on in their decision, they say, yes, you're not competent because you're not a doctor. The veteran is then under the understanding that he is credible to report what happened to him. Now, the reason why this is important is because what happened here truly is the board made a mistake. They wanted to deny the claim, and they thought they could do so by saying, well, Mr. Custer, you're credible, but you're not competent. And they forgot about the continuity of symptomatology avenue. And so what happens when the case got back to the board, the board said, oops, we made a mistake. We're going to find him not credible now because if he's credible, he's granted service connection. Respectfully, why is it that it's not the reverse of what you say? You say that the first statement, that as a layperson, he's credible to report having experienced chronic back pain. And then the later statement says that he persuasively there's some his back problems. The fact that his back problems were triggered by the 2006 on the job accident persuasively suggests that the veteran did not experience chronic back pain. Why isn't it reversed? Let me try to explain that a little bit better. I mean, why isn't it that it's saying Mr. Custer is a layperson is competent to report having experienced chronic back pain. But given his inconsistent statements, it's not persuasively suggesting he didn't experience back pain. In other words, you are suggesting you're making a factual argument that we're supposed to interpret these two sentences in a particular way. But the Veterans Court looked at it and said, this is inconsistent. We want to remand it. I mean, why can't you read the statement of JA-128 is reading as a layperson? He's competent to report his pain because people can do that. It doesn't mean that we're going to believe it or that it's credible. Well, if the board would have said that in that manner, I think we wouldn't be here today. But I can't see that. Basically, I can't see where that language is not clear to this court. I can't see how it's not clear to the Veterans Court. When the board is, while the veteran is credible to report having experienced chronic back pain. What else could that mean in English? Well, given the other statement at JA-130, it underlines that and gives it a different meaning perhaps. Again, I think it's a factual issue for the Court of Veterans Claims to determine. So at the bottom of JA-130, the board is discussing specifically the Social Security Administration findings. And on JA-130, before the Social Security Administration findings, they're discussing medical opinions submitted by the veteran. And they're saying, well, as the veteran, you've submitted these medical opinions, but we're going to find holes in those medical opinions because Social Security records say differently. So it's really a battle of the records. It's not an issue of whether or not the veteran's statements are credible. The board is using the Social Security records to downgrade the private medical opinions submitted by the veteran. It has nothing to do with his credibility. And quite frankly, he was never given an opportunity to have noticed that he was not credible. The first time he's provided that opportunity is in the most recent board decision. Instead of, if the VA wanted to. That's the decision we're reviewing. So if he had the opportunity, what's the due process violation? Well, he did not have the opportunity, Your Honor. So in 2012, the board issues this decision that, if we can all agree, is at least ambiguous. That's in 2012. The Veterans Court follows up in 2013 with a remand decision, also stating Mr. Custer's credible. At no point in time does the VA issue a supplemental statement of the case. Do they provide him any other notice that, Mr. Custer, at this point in time, even though for the past six years we've found you credible, we're not going to do so any longer. That notice is first given in the follow-up board decision, and at that point in time, Mr. Custer is not allowed to submit any new evidence. If he's provided a supplemental statement of the case, he can then turn around and say, okay, I need to get buddy statements. I need to get supporting evidence. I need to get documentation from friends, family, coworkers who could testify and submit affidavits that I was suffering from low back pains in service. He doesn't have that opportunity because he has no notice that the board's going to do a 180 on him and that the court's going to do a 180 on him. If you're a veteran and you read this board decision in 2012 and the language says the veteran is credible to report having back pain, how are you going to know that, okay, I'm going to turn around two years from now and I'm not going to be credible? There's no ñ it's a clear due process violation. In connection with the most recent board decision, which is what, 2013? The most recent one would have been prior to the court's decision. I believe that was 2013. And in that decision, the board found that he was not credible, right? That's correct, Your Honor. Was his credibility argued to the board in connection with that? There was no arguments to the board in regards to credibility because the veteran had no notice that that was going to be an issue. When you're before the board, it's not a court hearing. You don't go sit and provide evidence. The board just makes a decision on the papers. So there was no opportunity. There's no briefing? There's no argument in front of the board? He had previously had a board hearing, but that was before the 2012 board decision. So he was not given a new board hearing. He was not given an opportunity toó But wait a second. In connection with the remand, there's not an opportunity to submit further material to the board? You can certainly submit further material to the board upon a remand, butó And didn't he do that? He wouldn't know that that is the material he had to submit. Why wouldn't he? I mean, when the Court of Veterans Claims specifically said, we would like you to consider the credibility determination, this seems inconsistent. Why didn't he have notice? Well, I think if you review the Veterans Claims Court's decision on the record of 136, it's also not clear. On 136, the main paragraph, the court says, basically is discussing the continuity of symptomatology claim, that the board had found him credible to report having experienced chronic back pain. The board doesn'tóor excuse me, the court doesn't say, there's an issue here with whether or not Mr. Custer is credible. They don't come out and say that. What they do is they say, board, you need to go back and you need to examine whether or not, based on his statements, which were credible, he would qualify for service connection under continuity of symptomatology. Wait a minute. Okay. JA 139. Yes. This letter that you submitted, was this not submitted to the board as it was considering this remand decision? Oh, yes. This letter was submitted to the board following the court's remand decision. Okay. And you submitted arguments, presumably, it looks like you were trying to bolster or reassert this argument that he was credible. I think I was reasserting what the facts were. What the facts and evidence had been the entire time the case had been at issue. Again, reading the court's decision, there's nothing that the court says, the Veterans Court says, that credibility is going to be an issue. Well, what about on 137, where the top of the page, the court will remand this matter to the board so it may properly consider all the evidence, including lay evidence, and determine whether Mr. Custer's lay evidence as to continuity of symptoms is credible and probative. But that is in regards to whether or not it satisfies the requirements under the continuity of symptomatology. It's not saying that the board is going to reanalyze whether or not he's credible. What the court is saying there is, I want you, the board, to determine whether or not his statements are sufficient for the continuity of symptomatology claim. How is that different? Why doesn't that encompass whether he has back pain and what the source of it is? I guess I'm misunderstanding the question, Your Honor. Well, the question here is whether his back pain is service-connected, right? Yes. And so why isn't this broad enough to include that? The remand. Certainly, I mean, the remand considers the entire issue at hand, whether or not his back disability is related to service. That is the question. But there's two ways to get to that service connection. So way one is to get a medical nexus opinion stating that his current back condition is related to service. Now, the veteran had that in his file, but the board and the VA says those opinions are irrelevant because he's not credible. The second way that you could get service connection is to prove you've had these symptoms since you've left service. And the entire time the case was pending until the most recent board decision, that had not been an issue. It had not been discussed by the VA, and it had not been discussed by the board because it had been missed. And that's what the court is doing here is they're saying, the board, you've missed these arguments, you've missed the continuity of symptomatology arguments, and because of that, go back and make a determination under that section whether or not the evidence is sufficient for service connection. Why don't we hear from the other side? Thank you, Your Honor. May it please the Court. In Mr. Custer's brief and his arguments to the court today, he's inviting the court to take a new look at this record, the facts in this record, the evidence submitted that's different from the factual findings and the evaluation of the board and the Veterans Court. Each of the issues raised in this appeal involve factual questions that are typically beyond this court's jurisdiction under subsection D2 of this court's jurisdictional statute. To be sure, in a colorable constitutional claim, this court can review all aspects, including factual findings raised by the veteran. Why don't you address the argument that he's making, that he didn't have notice that his late testimony as to his back pain and the credibility of that testimony was at issue? Well, credibility is always at issue. As a broad matter first, credibility is always at issue before the board. As this court held in Madden, the board has an obligation to provide findings regarding credibility as part of its obligation to provide reasons and bases for its decision. So any veteran, any claimant appearing before the board always has notice that the board will address credibility. Here specifically, the board addressed credibility in its 2012 decision, and as the court has noted, at JA 129 to 130, the board conducted an analysis regarding the veteran's prior conflicting statements that his back injury essentially started in 2006, not in service in 1980. And the Veterans Court found that there was a conflict because of this other statement saying that he's credible to report. And to the extent that it's a factual finding, certainly it should not be challenged here on appeal. Can you articulate to me what problem the Court of Veterans Claims saw with what the board had done? I mean, it seems to really not be in a conflict with the credibility. It seems to be, and this rings a bell because we've had a lot of cases during this period of time that talked about a refusal to listen, to hear evidence of a lay person, invisibility and that. So what's your read on what the CAVC was really, the problem it saw in the board's opinion and why it remanded? So I think the best reading of the board's 2012 decision is one that was suggested by Judge Stoll, that what the board was actually trying to say was that the veteran is competent to report these types of symptoms. Here, the conflicting evidence shows he was not credible. The best way to read the Veterans Court's next decision, I think, is just essentially reading the record in the way most favorable to the veteran, essentially. Because the board should have used the word competent instead of credible, the Veterans Court seems to be saying, reading that in the way that's most helpful to the veteran, there's a conflict and so we will send it back, the court will send it back to the board for a redetermination regarding credibility to ensure that the board's ultimate finding is clear. But to the extent the court does not choose to defer to that, the better finding is that the board has been consistent in finding that there is inconsistencies in what the veteran is saying regarding continuity of symptomatology. And although here, before the court, Mr. Custer suggests that the record at JA 129 to 130, the board's analysis of credibility, he argues that doesn't relate to continuity of symptomatology. But, for example, just one section at the very top of 130, the factual conclusion that the board reaches is that Mr. Custer's testimony persuasively suggests that he did not experience chronic pain continuously since his service separation. So this certainly is addressing continuity of symptomatology, the lay testimony regarding continuity of symptomatology. But the difficulty with this entire analysis is that this is precisely the sort of fact-intensive, record-based evaluation that typically the court... No, I don't think that's very persuasive. I mean, if he didn't receive notice of an issue, I mean, that creates a constitutional issue, which we can look at. The question is, did he receive the notice, sufficient notice? Respectfully, Your Honor, this type of notice that he's mentioning here is completely foreign to other types of notice traditionally understood in a due process context. Notice in due process is normally referring to notice of dependency of the claim, which certainly there's no dispute that he had that here. Or it's referring to the opportunity to respond. Again, there's no dispute there were multiple hearings. Mr. Custer had the opportunity to submit written submissions. There were two appeals to the Veterans Court. And nor is there any argument in the... I would have thought their argument was very simple, that they remanded for a determination as to whether the evidence in his testimony about continuity of symptoms was credible, and that was sufficient notice. Why are you making it more complicated than that? Well, that's certainly our argument on merits. And the alternative, if the court reaches the merits, here there was actual notice, as the court notes, in the Veterans Court decision. The express reason for the remand is to reconsider credibility. Can you just point us to what you're talking about in that regard? Yes. So in the 2013 decision, actually the portion cited by the court at JA 137, where in the bottom part of the first full paragraph, it says the court will remand the matter, so that the board may properly consider all the evidence, including the lay evidence, and determine whether Mr. Custer's lay evidence as to continuity of symptoms is credible and probative. And there's no other reason... I'm sorry, I'm not reading. Maybe we have a different marking. JA 137? Yes. And it's the first paragraph. It's one, two, three... Oh, okay. One, two, three, four. It's six lines up from the norm. Okay, thank you. So it is in the last sentence of that paragraph, and there's no other basis. Well, there's the medical record from Dr. Topo as an additional basis for remand, but the reason for the remand is for the board to make a clear statement regarding credibility. So that's the notice to the veteran. So you're saying that considering all the evidence, including lay evidence, includes the credibility and statements of the veteran himself. Yes, precisely. The reference to lay evidence expressly refers to lay evidence and credibility. So that is certainly sufficient notice, in addition to the fact that the board will always consider credibility. But then the entire analysis leading up to that is addressing what the Veterans Court viewed as a deficiency in the statement of reasons and bases regarding credibility in the first place. So really the only way to read this entire section of the Veterans Court's decision is that it's remanding for the determination of credibility. And when the board rendered its decision on remand, did it do so in terms of a lack of continuity of symptoms? Yes. As Mr. Custer explained, there were two options for proving nexus, and here the normal route for proving nexus, the board found was not there because the medical evidence did not establish it. So continuity of symptomatology under the court's Walker analysis would have been the only way. So it was addressing continuity of symptomatology. It was the only way because...? Because typically, as this court has held, veterans are normally not competent to provide medical evidence regarding nexus between a prior injury and a current injury, so the current back injury. The exception to that is for chronic illnesses like here, their arthritis, the back disability. Apart from the continuity of symptoms, on the other alternative theory, what role did the veterans' credibility play in that? As I understand, the veterans' own testimony was not used, nor could it be used, to establish nexus under the alternative method for proving nexus. Really? I mean, I thought we'd been pretty clear that a medical professional didn't take into account a veteran's testimony about what he experienced. Yes, and here Mr. Custer's testimony was used to establish that he has a disability now and during service, but here the board found that the medical opinion... Could you show me where the board addresses the medical opinion as being insufficient? I believe it appears primarily in the board's 2012 decision because it was not remanded. In other words, you're saying the remand was only on the continuity of symptoms issue and not on this alternative issue. That's my understanding, yes. So the fact that he might not have had notice that the other issue was involved isn't a problem. In other words... I don't think the other issue was involved. Yeah, so the remand was to consider continuity of symptoms. They said you can consider the credibility issue in that connection, so there was notice that this credibility issue would be pertinent on the remand. Yes. Okay. And so certainly that would be an appropriate finding for this court to make. That's the outcome we request if the court reaches the merits, but we do think that in order to obtain jurisdiction in the court in the first place, there has to be at least some argument for why this either involves traditional elements of due process, which it does not, or why this involves some good-faith extension of the law regarding due process, perhaps using an application of the factors in Matthews v. Eldridge or something akin to that. Here, there's simply no colorable reason why the board would have to provide notice in advance of making a credibility finding, especially when the board is obligated, sua sponte, to make credibility findings in every single case. And so this is essentially, in our view, this results in an erosion. I have a problem with that. I mean, if the remand had been to consider some medical issue on the remand, the board instead had said, we don't need to reach the medical issue because we don't find the veteran credible, that would be a problem, wouldn't it? It may be a problem, but it would not be a due process problem. Really? Yeah. Okay. For these reasons, we respectfully request that the court dismiss Mr. Cruster's claim for lack of jurisdiction or, in the alternative, deny on the merits and affirm the Veterans Court. Thank you. May it please the Court. I'd just like to comment on your questions there at the end. The court's remand was not just for the continuity of symptomatology issue, and the board's decision, the most recent board's decision, addressed both the continuity of symptomatology and the traditional way to get service connection. Where did it address what you call the traditional way? If you look at the Joint Appendix at page 160, the second paragraph there, it says the board notes that since September 2009 and April 2010, opinions provided by the veteran's private chiropractor suggest that his symptoms could be correlated directly to his in-service injury. But what the board does is they downplay that medical evidence submitted by the veteran because they find that his statements are incredible. Where does it tie the lack of credibility of his statements into the chiropractor's opinion? So it says further, in the middle of that paragraph, further the board observes that the chiropractor referred to an in-service injury during the veteran's basic training. A review of his service treatment records does not show any in-service back injury. And indeed, they show that he suffered from back spasms leading to functional back pain. So it downgrades that opinion for that reasoning. And then it contrasts those opinions with the 2010 and 2011. Yeah, but this doesn't seem to rest on a finding of lack of credibility in the veteran. Well, it's saying they don't believe him on his back injury. They don't believe that he had an injured back. So they instinctively find him incredible. The statement there, the veteran's service treatment records do not show any in-service back injury, so they're implicitly saying, well, the veteran can tell us all day long that he injured his back in service, and he could tell his medical providers that, and he could tell the chiropractor that, but we don't believe him because he's not credible. And this makes it an impossible case for the veteran. Well, perhaps what you should have argued was that the absence of the information from the records isn't sufficient and that they've got to address whether the veteran is credible. But I don't understand that argument to have been made. Well, we've addressed the entire time whether or not he's credible once we've had the opportunity to do so, once we've had notice to do so. But if the board finds that a veteran is not credible, it's impossible to win a case. It's impossible. Because even if you have the $10,000 medical expert opinion, it doesn't matter, because that opinion's going to be based upon the veteran's statements, and the board's going to downgrade that opinion. So by finding that the veteran's statements are not credible, he cannot win his case based on continuity of symptomatology, he cannot win his case on the traditional route. And that's quite simply what the board and what the VA did. They initially find him credible, and then they turn around and realize they made a mistake because they're going to have to grant this award. And they turn around, and based on the exact same facts, the exact same evidence, nothing had changed. They say, well, we're going to look at this Social Security record in 2008, and you didn't mention your back injury in the 80s. And it's blatantly unfair, and it's blatantly a violation of due process. Thank you. We thank both sides. And the case is submitted. That concludes our proceedings for this morning.